UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2508 ABC (VBKx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | Morton R. Mazaheri v. Tamara Pederson et al. | | |

| Present: The Honorable | Audrey B. Collins | |
|---|---|---|
| Daphne Alex | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     DEFENDANT'S MOTION TO DISMISS COMPLAINT  (In Chambers)

    Pending before the Court is Defendant Jeff Ramos's ("Defendant") Motion to Dismiss Complaint Under Rule 12(b)(6), filed on May 16, 2008.  Plaintiff Morton Mazaheri ("Plaintiff") filed an Opposition (titled "Response") on June 16, 2008, and Defendant filed a Reply on June 23, 2008.  The Court found the motion  appropriate for resolution without oral argument, vacated the hearing, and took the matter under submission.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  Upon consideration of the materials submitted by the parties and the case file, the Court hereby **GRANTS** the Motion and **ORDERS** this case **STAYED** pending the state proceedings.

BACKGROUND

    Plaintiff is a licensed physician and surgeon in the State of California.  (Compl. ¶ 4.)  In this action, Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985, and 1988 for violations of rights guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.  Specifically, Plaintiff contends that Defendant/movant Jeff Ramos and Defendant Tamara Pederson, both investigators for the Medical Board of California ("Medical Board"), worked in conjunction with the remaining thirteen defendants (former employees or patients who filed complaints with the Medical Board) to deprive him of various rights in connection with an ongoing disciplinary proceeding before the Medical Board.  Plaintiff seeks declaratory and injunctive relief and damages against all defendants.


    Defendant Ramos moves to dismiss the action on several grounds, including pursuant to Younger abstention, under Rule 12(b)(6) for failure to state a claim, and as barred by the statute of limitations.  With respect to Defendant's abstention argument, the Complaint is replete with references, for each defendant, to the disciplinary proceedings before the Medical Board.  See, e.g., Compl. ¶¶ 6, 7,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2508 ABC (VBKx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | Morton R. Mazaheri v. Tamara Pederson et al. | | |

12. Thus, it is clear, as Defendant states in the Motion and as Plaintiff concedes in his Opposition, that the Complaint asserts claims related to and arising out of those proceedings, including the Board's investigation of patient complaints. With his Motion, Defendant filed a notice issued by the Medical Board and available on the Medical Board's website indicating that its disciplinary proceeding against Plaintiff was commenced on August 14, 2003, and was still on-going as of May 12, 2008. See Exh. 1, Def.'s Request for Judicial Notice. The Court hereby takes judicial notice of that document pursuant to Fed. R. Evid. 201.

### DISCUSSION

It is well-`established that federal courts should not interfere with ongoing state disciplinary proceedings absent exceptional circumstances. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431-32 (1982); Younger v. Harris, 401 U.S. 37, 43 (1971); Hirsh v. Justices of the Supreme Court, 67 F.3d 708, 711-12 (9th Cir. 1995); Pincham v. Illinois Judicial Inquiry Bd., 872 F.2d 1341, 1346-50 (7th Cir. 1989). The Supreme Court has set forth a three-part test to determine whether a federal court should abstain from adjudicating a case in deference to state judicial proceedings: the Court must decide whether the state action (1) constitutes an ongoing judicial proceeding; (2) implicates important state interests; and (3) provides an adequate opportunity to raise constitutional challenges. Middlesex, 457 U.S. at 432. If the Court answers the three questions of this Middlesex test affirmatively, "then a federal court action that would enjoin the proceeding, or have the practical effect of doing so, would interfere in a way that Younger disapproves." Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004). If there are no extraordinary circumstances weighing against abstention, the Court is required to abstain in favor of the state proceedings.

First, the Court finds that the Medical Board proceedings are judicial in character and therefore constitute "ongoing state judicial proceedings." Id. at 423-33; Hirsh, 67 F.3d at 712. Second, the Court finds that California has an "important interest" in regulating the practice of medicine in the state by conducting disciplinary proceedings to investigate patient complaints and physician misconduct. Kenneally v. Lungren, 967 F.2d 329, 332 (9th Cir. 1992) (in a case involving a physician's section 1983 claims against members of the state Medical Board, noting the district court's determination that the Medical Board's administrative proceedings to revoke physician's license satisfied the first two parts of the Middlesex test); cf. Conway v. State Bar, 47 Cal. 3d 1107, 1111 (1989) (state has an important interest in protecting the public from attorneys whose conduct poses a substantial threat of harm.) Indeed, Plaintiff does not dispute that the first two parts of the test are satisfied.

Third, the Court finds that the ongoing proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges. Plaintiff appears to contend that the state proceedings are not adequate to address his constitutional claims because the issues and procedures in the state forum are different from those in federal court. Specifically, Plaintiff contends that because he is seeking money

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2508 ABC (VBKx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | Morton R. Mazaheri v. Tamara Pederson et al. | | |

damages in his federal case and is entitled to a jury trial, the state proceedings are insufficient.  (Opp'n 3:19-23.)  However, it is well-established that "even if a federal plaintiff cannot raise his constitutional claims in state administrative proceedings that implicate important state interests, his ability to raise the claims via state judicial review of the administrative proceedings suffices."  Partington v. Gedan, 880 F.2d 116, 124 (9th Cir. 1989).  Here, as the Court in Kenneally noted, California law provides that the Medical Board may "receive evidence in light of [Plaintiff's constitutional] challenges and the California [courts] remain competent to review such challenges" upon a petition for writ of mandate.  Kenneally, 967 F.2d at 332 (citing Cal. Code Civ. Proc. § 1094.5 and Cal. Gov. Code § 11523).  Such judicial review renders the Medical Board proceedings sufficient.  "Refusing to abstain would require presuming that the California Supreme Court will not adequately safeguard federal constitutional rights, a presumption the U.S. Supreme Court squarely rejected in Middlesex."  Hirsh, 67 F.3d at 713.

　　　　Furthermore, Plaintiff's argument regarding the inapplicability of Younger to claims for money damages is unavailing for two reasons.  First, in addition to his claim for money damages, Plaintiff is also seeking injunctive relief against Defendants Ramos and Pederson, thereby placing his federal action in conflict with the state action.  That he is seeking money damages in addition to injunctive relief does not convert his whole action into an action for damages.  In any event, contrary to Plaintiff's contention, even a complaint that seeks only money damages may be subject to Younger abstention.  The Ninth Circuit addressed that precise question in Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004).  In Gilbertson, a surveyor whose land surveying license was revoked by the Oregon State Board of Examiners for Engineering and Land Surveying brought a section 1983 action for money damages against the Board members, alleging that they retaliated against him for exercising his First Amendment rights, violated his due process rights, and denied him equal protection.  The district court dismissed the case based on Younger abstention.  Gilbertson, 381 F.3d at 965.  Upon *en banc* rehearing, the Court held that "Younger principles may apply to claims for damages under § 1983.  Damages suits that turn on a constitutional challenge to pending state proceedings implicate the reasons for Younger abstention as much as equitable or declarative relief actions because to determine whether the federal plaintiff is entitled to damages – and to determine whether the federal defendant is entitled to immunity – the district court must first decide whether a constitutional violation has occurred."  Gilbertson, 381 F.3d at 979.  As in Gilbertson, whether Plaintiff herein is entitled to money damages requires a determination that the defendants violated his constitutional rights, a determination that turns, in part, on facts currently being adjudicated in the state administrative proceedings and reviewable by the California courts.  Accordingly, a determination by this Court that Plaintiff's constitutional rights were violated, regardless of whether such a determination includes an award of money damages, would have the practical affect of enjoining on-going state proceedings.  Such interference is disallowed by Younger.  See Gilbertson, 381 F.3d at 978 (stating, "*If* a state-initiated proceeding is ongoing, and *if* it implicates important state interests. . . , and *if* the federal litigant is not barred from litigating federal constitutional issues in that proceeding, *then* a federal court action that would enjoin the proceeding, or have the practical effect of doing so, would interfere in a way that Younger disapproves.") (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2508 ABC (VBKx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | Morton R. Mazaheri v. Tamara Pederson et al. | | |

      However, Gilbertson also made clear that where the federal court should abstain under Younger, but the federal action includes a claim for money damages, the appropriate remedy is to stay the case, rather than dismiss it. That Plaintiff is seeking money damages may effect whether the state proceedings provide an adequate opportunity to assert his constitutional claims because money damages are not likely available in state disciplinary proceedings such as the present action before the Medical Board. However, "there is no reason why federal interference with the state proceeding cannot be avoided, thus preserving the interests of comity, yet damages also be available in the federal court, thus protecting the federal plaintiff's right to seek them. This can be accomplished by entry of an order staying the federal action until the state proceeding has been completed." Gilbertson, 381 F.3d at 980.

      Finally, the Court must determine whether "extraordinary circumstances" render it inappropriate to abstain from this case. A federal court is not obliged to abstain "where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975) (internal quotation marks omitted). In opposing the Motion, Plaintiff fails to argue the presence of "extraordinary circumstances" within the meaning of the Younger doctrine. He has therefore waived that exception to Younger.

      Accordingly, the Court finds that it must abstain from this case pursuant to Younger v. Harris, 401 U.S. 37 (1971). Because Plaintiff's Complaint includes a claim for money damages, however, the Court will not dismiss the case but instead will stay it pending resolution of the state proceedings. Having determined that abstention is appropriate, the Court need not reach the Motion's other grounds and denies the remainder of the Motion as moot.

## CONCLUSION

      For the foregoing reasons, the Court **GRANTS** the Motion and hereby **STAYS** the case pending resolution of the state proceedings. The parties are ordered to notify the Court within ten (10) days of the conclusion of the state proceedings.

      **IT IS SO ORDERED.**

      :

Initials of Preparer   DA