UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | | Date | April 21, 2010 |
|---|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   REQUEST FOR SUPPLEMENTAL BRIEFING (In Chambers)

Pending before the Court is Defendant's motion to dismiss the First Amended Complaint ("FAC"). (Mot. (Docket # 47).) Plaintiff filed an opposition and Defendant filed a reply. (Opp'n (Docket ## 48-49); Reply (Docket # 52).) The Court previously found that the motion is properly resolved without oral argument and vacated the April 19, 2010 hearing date. (April 14, 2010 Minute Order (Docket # 53).) After reviewing the submitted briefing further, the Court finds it insufficient and **ORDERS** that the parties submit supplemental briefing as follows.

I.   **ABSOLUTE IMMUNITY**

Although often conflated, Defendant raises two distinct arguments for absolute immunity. First, Defendant argues that the claims against him are barred because he is entitled to absolute immunity under the Eleventh Amendment. The Eleventh Amendment bars actions in federal court against a state official acting in his official capacity. Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). The Court requires no further briefing on whether the Eleventh Amendment bars the suit against Defendant.

Distinct from the Eleventh Amendment argument, Defendant also argues that "quasi-judicial" or "quasi-prosecutorial" immunity also bars the claims against him. It is the burden of the official claiming absolute quasi-judicial immunity to demonstrate that public policy requires recognition of an absolute immunity, rather than simply providing qualified immunity. See Miller v. Gammie, 335 F.3d 889, 897 (9th Cir. 2003) (en banc) ("The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties. We have been quite sparing in our recognition of absolute immunity, and have refused to extend it any further than its justification would warrant.") Defendant's opening brief makes only a cursory attempt at raising this argument and does so explicitly in only one paragraph. (See Mot. at 6:21-7:4.) Although the reply brief adds additional argument, the Court finds Defendant's briefing insufficient.[1]

---

[1] Nor was Plaintiff's opposition brief illuminating on this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | April 21, 2010 |
|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | |

Most importantly, the parties failed to discuss the several Ninth Circuit cases addressing quasi-judicial immunity in the context of medical disciplinary proceedings.  See Olsen v. Idaho State Bd. of Med., 363 F.3d 916 (9th Cir. 2004); Mishler v. Clift, 191 F.3d 998 (9th Cir. 1999); Demery v. Kupperman, 735 F.2d 1139 (9th Cir. 1984); see also Ostrzenski v. Siegel, 177 F.3d 245, 249-51 (4th Cir. 1999) (non-Board member's review of evidence and preparation of report for medical disciplinary board was protected by quasi-judicial immunity).  As these cases make clear, the quasi-judicial analysis requires a two-step inquiry.  First, the Court must determine whether the function performed by the defendant is the equivalent of a judge or a prosecutor.  This requires an analysis of six factors.  See Yoonessi v. Albany Med. Ctr., 352 F. Supp. 2d 1096, 1100 (C.D. Cal. 2005) (Collins, J.) (discussing quasi-judicial immunity for members of the Medical Board of California).  If the court determines the first issue in the defendant's favor, then the Court must determine whether the specific alleged acts of misconduct are sufficiently connected to the defendant's quasi-judicial function to warrant the shield of absolute immunity (i.e., whether they fall within the scope of absolute immunity).  Id. at 1102-03.

The parties failed to address these cases or present argument using the analytical framework employed in them.  Accordingly, the parties are **ORDERED** to submit supplemental briefing regarding quasi-judicial immunity so that the relevant case law can be analyzed and presented to the Court.  Defendant shall file a supplemental brief no later than **April 28, 2010**; Plaintiff shall file a supplemental opposition no later than **May 5, 2010**; and Defendant shall file a supplemental reply no later than **May 12, 2010**.  The briefs shall be no longer than 15 pages in length.

## II.    STATUTE OF LIMITATIONS

Unfortunately, the parties' briefing regarding Defendant's statute of limitations argument is similarly insufficient.  Defendant contends that all claims are barred by the applicable statutes of limitations.  (Mot. at 11-12.)  Plaintiff responded by merely relying on his opposition brief to the first motion to dismiss.  (Opp'n at 12.)  This is not sufficient.  Most importantly, the Court granted the first motion to dismiss on statute of limitations grounds finding Plaintiff's position insufficiently supported.  (February 16, 2010 Minute Order at 4 (Docket # 34).)  Given that the Court found Plaintiff's prior brief insufficient to withstand a motion to dismiss, it is difficult to decipher what Plaintiff is trying to argue currently in relying on his prior brief.

Accordingly, the parties are **ORDERED** to submit supplemental briefing regarding the applicability of the statutes of limitation.  Plaintiff shall include in the above-referenced supplemental opposition a discussion of at least (1) the specific allegations in the FAC on which his statute of limitations argument is based, (2) the authority supporting his previous argument that his claims are timely because there was a pattern of tortious conduct continuing until 2008 (see February 16, 2010 Minute Order at 4 & n.3 (noting that Plaintiff had failed to cite any authority in support of this argument)), and (3) whether that legal position is inconsistent with Ninth Circuit authority such as Olsen, 363 F.3d at 927 & n.6 (refusing to consider actions outside limitations period and expressly rejecting plaintiff's reliance on the "last act rule" to salvage her time-barred claims).  Defendant shall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | April 21, 2010 |
|---|---|---|---|

| Title | Mazaheri v. Pederson, et al. |
|---|---|

include in the above-referenced supplemental reply a response to Plaintiff's timeliness arguments.

**IT IS SO ORDERED.**

                                                                                               :

Initials of Preparer   AB