UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | September 14, 2010 |
|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**  Order Dismissing Claims Against Defendant Tamara Pedersen (In Chambers)

On August 20,[1] the Court ordered Plaintiff show cause why it should not strike the proof of service filed on April 20, and why the claims against Defendant Tamara Pedersen should not be dismissed with prejudice.  (Docket # 71.)[2]  The Court received a response from Plaintiff.  (Docket # 73.)  For the reasons discussed below, the Court hereby **DISMISSES** without prejudice the claims against Defendant Tamara Pedersen.

**I.    BACKGROUND**

This action was filed on April 16, 2008 against Defendant Tamara Pedersen and various other defendants.  (Docket # 1.)  Roughly 70 days later, on June 26, 2008, the Court stayed this case in light of on-going state proceedings.  (Docket # 15.)  On January 8, the parties filed a joint status report indicating that the stay should be lifted and, on January 11, the Court set a briefing schedule on Defendant Jeff Ramos's motion to dismiss so that the case could resume.  (Docket ## 27, 28.)  On February 16, the Court noted that Defendant Pedersen (and various other defendants) had not been served and ordered Plaintiff to show cause why the claims against Defendant Pedersen should not be dismissed.  (See Docket # 35.)  Plaintiff stated that service had not been made on Pedersen because the California Medical Board rejected his attempted substitute service, and Plaintiff also noted the stay that had been in place.  (Docket # 37 at ¶¶ 1,3; see also Docket # 44 at ¶¶ 1, 3-5.)

On March 5, now more than 120 days since the complaint was filed excluding the time during which the case was stayed, the Court ordered service be completed on Defendant Pedersen expeditiously:

> The Court hereby **ORDERS** Plaintiff to effectuate service of process on Tamara Peders[e]n and file a proof of service within 60 days from the issuance of this minute

---

[1]  Unless otherwise noted, all dates refer to 2010.

[2]  The First Amended Complaint ("FAC") spells Defendant Pedersen's last name "Pederson." As previously noted by the Court, it appears that her last name is actually spelled "Pedersen."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | September 14, 2010 |
|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | |

order.  If service has not been effectuated at that time, Plaintiff is **ORDERED** to file a notice so stating.

(Docket # 45; see also Fed. R. Civ. P. 4(m).)  Hence, Plaintiff was required to serve Defendant Pedersen no later than May 4 or, if service was not complete, file a notice with the Court by that date.

On April 20, Plaintiff filed a proof of service purportedly showing that a "Tamara Pederson" was served with the summons and FAC in Elk Grove, California.  (Docket # 54.)  Roughly four months later, on August 17, the Court received notice from Deputy Attorney General Daniel Eskue that the "Tamara Pederson" served by Plaintiff is not Defendant Pedersen.  (Docket ## 67-68.)  Mr. Eskue's filing further made clear that he contacted Plaintiff's counsel regarding this deficiency on April 27.  (Docket # 68 at ¶ 13, Ex. 3.)[3]  Indeed, on April 28, Plaintiff's counsel sent a letter to Mr. Eskue indicating that the served "Tamara Pederson" had twice advised him that she was not Defendant Pedersen.  (Docket # 68 at ¶ 15, Ex. 4.)  Plaintiff's counsel indicated at that time that he had requested corroboration from his process server and Plaintiff regarding the purported service.  (Id.)  Despite having that notice as of at least April 28, Plaintiff did not file a notice with the Court on or before May 4 indicating that service could not be completed on Defendant Pedersen or otherwise provide any indication to the Court that the purported service was ineffective.

Having been notified by Mr. Eskue that Plaintiff had not actually served Defendant Pedersen, on August 20, the Court provided notice to Plaintiff that it was considering dismissing the claims against her.  (Docket # 71.)  The Court has now received a response from Plaintiff.  (Docket # 73).  For the reasons discussed below, the Court finds that the claims against Defendant Pedersen should be dismissed without prejudice.

**II.   ANALYSIS**

A.   Rule 4(m)

The Federal Rules require that service of process be completed within 120 days of the filing of a complaint.  See Fed. R. Civ. P. 4(m).[4]  "If a defendant is not served within 120 days after the complaint

---

[3] More specifically, Mr. Eskue wrote a letter to Plaintiff's counsel indicating that a Medical Board investigator had contacted the served "Tamara Pederson" and that she indicated to the investigator that she was not Defendant Pedersen.  (Docket # 68, Ex. 3.)  Moreover, Mr. Eskue informed Plaintiff's counsel that the served "Tamara Pederson" had provided the investigator adequate identification to prove that she was not Defendant Pedersen.  (Id.)

[4] Plaintiff filed the FAC on February 26, 2010.  (Docket # 42.)  The filing of the FAC does not impact the time period in which Plaintiff was required to serve Defendant Pedersen, as she was also named as a defendant in the original complaint.  See, e.g., Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | September 14, 2010 |
|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | |

is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Id. Applying Rule 4(m) requires a two-step process. First, if the plaintiff has established good cause for failing to timely serve the defendant, the court must extend the time period for service. In re: Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991). The plaintiff bears the burden of establishing good cause. See Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985). Second, if no good cause exists, the court may in its discretion dismiss the case without prejudice or extend the time period. Sheehan, 253 F.3d at 512.

Plaintiff resists dismissal here by arguing that he has been diligent in attempting to locate Defendant Pedersen and that the Court should now allow him additional time to serve her by publication. (Docket # 73 at 2-4.)[5] The Court is not persuaded that good cause exists. Plaintiff concedes that Defendant Pedersen was not served as reflected in the filed proof of service:

> Defense counsel has provided sufficient facts to cast doubt that the person served with summons by Darren Stoddard on April 8, 2010 is not the Tamara Pedersen who was employed by the California Medical Board during the relevant dates of the complaint. Therefore, Plaintiff has no objections to striking the proof of service filed by Plaintiff.

(Docket # 73 at 4.) Absent from Plaintiff's response is any indication of why, having notice no later than April 27 that the service was on the wrong person (see, e.g., Docket # 68 at ¶ 13, Exs. 3, 4), Plaintiff did not inform the Court that service had not been completed by May 4 as expressly required in the Court's March 5 minute order, (see Docket # 45). Indeed, it was Mr. Eskue who informed the Court (four months later) of the defectiveness of that proof of service. Also absent from Plaintiff's response is any indication of any actions taken to find Defendant Pedersen between April 27 and the Court's August

---

amended complaint except as to those defendants newly added in the amended complaint.")

[5] Plaintiff also initially asserted that Defendant Pedersen had been located on August 26 in Sacramento, California, and would be served imminently. (See Docket # 73 at 4, Ex. A at ¶ 6, Ex. B.) On August 27, the Court instructed Plaintiff to file any resulting proof of service no later than September 3. (Docket # 74.) No such proof of service was filed. Instead, Plaintiff's counsel now indicates that Plaintiff "had not received any proof of service from his investigator, and he did not know when such proof of service would be relayed to him, or even if in fact the person known as Tamara Pedersen had been located." (Docket # 76 at ¶ 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | September 14, 2010 |
|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | |

20 order to show cause. Instead, Plaintiff's private investigator filed a declaration indicating that "I was provided the name of Tamara Pedersen on **08-25-2010** by Doctor Mazaheri to locate and serve her with several civil subpoenas." (Docket # 73, Ex. B (emphasis added); see also Docket # 73, Ex. A at ¶ 6.)

Thus, as of at least April 28, Plaintiff's counsel had notice that Defendant Pedersen had not been served. Yet Plaintiff's counsel identified no action whatsoever to confirm the identity of the served "Tamara Pederson" or to locate Defendant Pedersen in the four ensuing months, notwithstanding a court-ordered deadline to effectuate service by May 4. Nor did Plaintiff file a notice that service could not be effectuated by that date, notwithstanding a court order to do so. This is not "excusable neglect" as required to establish good cause, so the Court is not required to allow additional time for service under Rule 4(m).[6]

In the absence of good cause, the Court has discretion to dismiss or extend the service period. Sheehan, 253 F.3d at 513. Based on Plaintiff's failure to comply with the Court's order or to act diligently to effectuate service, the Court finds dismissal appropriate. Accordingly, the claims against Defendant Pedersen shall be dismissed without prejudice pursuant to Rule 4(m).

B. Rule 41(b)

Dismissal is also appropriate for failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962). The failure to timely effectuate service can constitute grounds for failure to prosecute. See, e.g., Anderson v. Air West, Inc., 542 F.2d 522, 525 (9th Cir. 1976). "Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations." Id. In light of Plaintiff's unreasonable delay in serving Defendant Pedersen, and considering the relevant factors, see Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999), the Court finds that dismissal without prejudice is appropriate under Rule 41(b).

III. CONCLUSION

Accordingly, the foregoing reasons, the Court hereby **DISMISSES** without prejudice the claims against Defendant Tamara Pedersen under Fed. R. Civ. P. 4(m) and 41(b).

**IT IS SO ORDERED.**

                                                                                                                        :

Initials of Preparer   AB

---

[6] Plaintiff also fails to show that the other relevant factors militate against dismissal.