UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | |
|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order To Show Cause, Order Denying Motion For Leave to Amend, and Order Staying Case (In Chambers)

Currently before the Court is Plaintiff's motion for leave to file a second amended complaint. (Docket # 84.)  Also before the Court is a stipulation to stay this case pending resolution of state court proceedings.  (Docket # 91.)  For the reasons discussed below, the Court hereby **ORDERS** counsel to show cause no later than **October 20, 2010** why they should not be personally sanctioned in an amount of up to $1,000 each, **DENIES** the motion for leave to amend, and **STAYS** the case.

**I.     ORDER TO SHOW CAUSE**

The Court has previously lamented at various failings of counsel in their handling of this case. Unfortunately, in light of the continuing failings of counsel, it appears that admonishments may not be sufficient and that the imposition of monetary sanctions may be appropriate.

**A.     MISREPRESENTATION REGARDING STATUS OF STATE PROCEEDINGS**

The court's time is a public resource that should not be squandered.  United States v. Reaves, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986).  On January 8, 2010, Genaro Lara (attorney for Plaintiff) and Daniel Eskue (Deputy Attorney General representing Defendant Jeff Ramos) filed a joint status report with this Court indicating that "[t]he stay of proceedings ordered by this court on June 28, 2008, may be dissolved as state administrative proceedings and ancillary state writ proceedings have been concluded." (Docket # 27 at 2.)  The Court reactivated the case based on counsel's representation.  The Court then expended significant resources resolving various substantive issues raised by the parties in multiple motions.  (See Docket ## 34, 64.)[1]  The Court's resources were especially taxed given that the briefing on these motions was often seriously deficient.  (See, e.g., Docket # 64 at 12 (admonishing counsel for both parties for filing briefs below the standards expected of the Court); id. at 6 n.6 (admonishing Mr. Eskue for relying on Ninth Circuit authority that had been expressly overruled by a unanimous en banc

---

[1] The Court has also already expended significant resources analyzing the pending motion for leave to file a second amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | |

opinion); see also Section I.B., infra (detailing deficiencies in briefing from Mr. Lara).)

Counsel have now filed a stipulation to reinstate the Court's earlier stay because they previously misrepresented to the Court that the state administrative proceedings had run their course. (Docket # 91.) Counsel assert that they had not realized that a judgment had not been entered in the administrative proceedings, apparently as a result of their failure to inquire with their counterpart attorneys in the administrative proceedings[2] and/or their failure to carefully review the record in the administrative proceedings before filing the joint status report with the Court. The joint report fails to provide a satisfactory explanation for this lapse. Accordingly, Mr. Lara and Mr. Eskue are **ORDERED** to show cause why the Court should not sanction them under Rule 11, 28 U.S.C. § 1927 and/or the Court's inherent authority.

  B.  **BRIEFING ON PENDING MOTION FOR LEAVE TO AMEND**

Currently pending before the Court is Plaintiff's notice for leave to file a second amended complaint. (Docket # 84.) Plaintiff's reply brief makes clear that he is seeking, inter alia, to assert a RICO cause of action against the California Medical Board. (Docket # 92 at 2-7.) After allowing Plaintiff an opportunity to show otherwise, the Court previously held that the California Medical Board is entitled to absolute immunity and dismissed with prejudice the claims against it. (Docket # 70 ("dismissal order").) Plaintiff argues now that the dismissal order does not prevent him from bringing a RICO claim against the California Medical Board because (1) the Court's previous dismissal order did not cover any RICO claim as Plaintiff had not previously pled a RICO claim against the California Medical Board and (2) the Eleventh Amendment does not apply to RICO claims. (See Docket # 92 at 1-3.) Plaintiff's argument is patently without merit.

With respect to whether the dismissal order prevents Plaintiff from bringing a RICO cause of action against the California Medical Board, the reply asserts that "at the time of the Court's ruling, plaintiff had not filed any RICO causes of action against . . . the California Medical Board." (Docket # 92 at 2.) The dismissal order was issued on August 20, 2010, so the operative complaint at that time was the first amended complaint ("FAC"), which was filed on February 26, 2010.[3] Plaintiff's pending reply fails to discuss the RICO claim that was included in the FAC. In the section of the FAC related to the RICO cause of action, Plaintiff alleged, inter alia, that:

> "the California Medical Board was a 'person' within the meaning of RICO, 18 U.S.C. 1961(3) and 1962(c)" (FAC ¶ 38);

---

  [2] The State is represented in the administrative proceedings by Deputy Attorney General Richard Marino. Mr. Mazaheri is represented in those proceedings by Albert Garcia. (Id. at 3.)

  [3] The caption of the FAC included the California Medical Board as a Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | |

"the California Medical Board and unknown co-conspirators, Tamara Pederson and Jeff Ramos formed an association in fact, i.e. an 'enterprise' within the meaning of RICO, 18 U.S.C. 1961(4)" (FAC ¶ 40);

"the California Medical Board and the other Conspirators engaged in 'racketeering activity' within the meaning of 18 U.S.C. 1961(1)" (FAC ¶ 46);

"the California Medical Board, co-conspirators, Tamara Pederson and Jeff Ramos associated with this enterprise conducted or participated, directly or indirectly, in the conduct of the enterprises affairs through a 'pattern of racketeering activity,' . . . within the meaning of RICO 18 U.S.C. § 1961(5), in violation of 18 U.S.C. § 1962(c)" (FAC ¶ 47);

"[t]he California Medical Board and the other conspirators committed and caused to be committed a series of overt acts in furtherance of the Conspiracy to affect the objects thereof" (FAC ¶ 54);

"[a]s a direct result of the California Medical Board and other Conspirators' violations of 18 U.S.C. § 1962(d), Dr. Mazaheri has been injured in his profession" (FAC ¶ 55); and

"[a]s the result of the Conspiracy, the California Medical Board, Jeff Ramos, Tamara Pederson and other unknown defendants are liable for the losses to the Plaintiff" (FAC ¶ 56).

In light of these allegations, Mr. Lara's representation in the reply brief that, "at the time of the Court's ruling, plaintiff had not filed any RICO causes of action against . . . the California Medical Board" (Docket # 92 at 2), appears to go beyond being merely unpersuasive and instead may cross into the realm of sanctionable conduct.[4]  Accordingly, for this additional reason, Mr. Lara is **ORDERED** to

---

[4] Plaintiff's legal argument fares no better.  He argues that the Eleventh Amendment does not apply to RICO claims, and that any contrary assertion is "an incorrect position which has **no support in RICO jurisprudence**."  (Docket # 92 at 3 (emphasis added); see also id. ("[T]he California Medical Board . . . [is] not protected by any immunities under the Eleventh Amendment privileges with respect to RICO liability.").)  Plaintiff fails to acknowledge that the Ninth Circuit has in fact applied the Eleventh Amendment to bar RICO claims.  See Bair v. Krug, 853 F.2d 672, 673-74 (9th Cir. 1988); Product & Leasing, Ltd. v. Hotel Conquistador, Inc., 709 F.2d 21, 21-22 (9th Cir. 1983) (per curiam); see also Link v. California, 2010 WL 3516610, at *1 (9th Cir. Sept. 7, 2010) (unpublished memorandum decision) ("The district court correctly dismissed Link's claims under 41 U.S.C. §§ 1983 and 1985(3) and the Racketeering Influenced and Corrupt Organizations Act ('RICO') against all defendants.  The claims against the State of California and defendants sued in their official capacities are barred by the Eleventh Amendment.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | October 18, 2010 |
|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | |

show cause why the Court should not sanction him under Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent authority.

To the extent there was any ambiguity in the Court's prior dismissal order,[5] the Court wants to make abundantly clear that all claims against the California Medical Board, including under RICO, are **DISMISSED WITH PREJUDICE**.

## II. MOTION FOR LEAVE TO AMEND

In light of the parties' request for a stay, the pending motion for leave to amend is **DENIED** without prejudice, except that the motion is **DENIED** with prejudice as it pertains to the California Medical Board.

## III. STAY REQUEST

The parties have jointly filed a request to stay this case pending resolution of state administrative proceedings. Accordingly, this matter is hereby **STAYED** except with respect to the order to show cause discussed above. The parties shall file with the Court a joint status report every 90 days pending conclusion of the administrative writ proceeding and/or subsequent appeal. **Failure to submit such status reports may result in the imposition of sanctions.**

## IV. CONCLUSION

For the reasons discussed above, the Court hereby **ORDERS** counsel to show cause no later than **October 20, 2010** why they should not be personally sanctioned in an amount of up to $1,000 each, **DENIES** the motion for leave to amend, and **STAYS** the case.

:

Initials of Preparer   AB

cc: Pamela Holmes, Supervising Deputy Attorney General
     pamela.holmes@doj.ca.gov

---

[5] Plaintiff asserts that "the dismissal order only pertained to the Civil Rights cause of action." (Docket # 92 at 2.) In the dismissal order, the Court held that "the California Medical Board is entitled to absolute immunity and **the claims** against it" are dismissed with prejudice. (Docket # 70 at 1 (emphasis added).) Similarly, the Court noted that Plaintiff "identifies no authority showing an abrogation of Eleventh Amendment immunity for the **claims at issue in this case**, and the law is to the contrary." (Docket # 70 at 1 n.2 (emphasis added).) The Court does not believe there was any ambiguity that all claims were dismissed, including the RICO claim.