UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | | Date | October 25, 2010 |
|---|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | |
|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    Re:  Order To Show Cause (In Chambers)

On October 18, 2010, the Court issued an order to show cause why Genaro Lara (Plaintiff's counsel) and Deputy Attorney General Daniel Eskue (Defendant Jeff Ramos's counsel) should not be sanctioned under Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent authority. (Docket # 93.) The Court has now received written responses from both Mr. Lara and Mr. Eskue. (Docket ## 94 ("Eskue Declaration"), 95 ("Lara Declaration").) For the reasons discussed below, the Court hereby **DISCHARGES** the order to show cause against Mr. Eskue and hereby **SANCTIONS** Mr. Lara in the amount of $300.

**I.    MISREPRESENTATION REGARDING STATUS OF STATE PROCEEDINGS**

On January 8, 2010, Mr. Lara and Mr. Eskue filed a joint status report with this Court indicating that "[t]he stay of proceedings ordered by this court on June 28, 2008, may be dissolved as state administrative proceedings and ancillary state writ proceedings have been concluded." (Docket # 27 at 2.) The Court reactivated the case based on counsel's representation. The Court then expended significant resources resolving various substantive issues raised by the parties in multiple motions. (See, e.g., Docket ## 34, 64.) The Court's resources were especially taxed given that the parties' briefing was often seriously deficient. (See, e.g., Docket # 64 at 12 (admonishing counsel for both parties for filing briefs below the standards expected of the Court).) Counsel then filed a stipulation to reinstate the Court's earlier stay because they previously misrepresented to the Court that the state administrative proceedings had run their course (Docket # 91), prompting the Court to order them to show cause why they should not be sanctioned for their earlier misrepresentation.

Counsel's responses to the order to show cause leave much to be desired. Mr. Eskue asserts that he had been misinformed about the status of the administrative proceedings by Deputy Attorney General Richard Marino, who is handling those proceedings for the state. (See Eskue Decl. ¶¶ 2, 5.) This is not particularly compelling. The confusion appears to stem from the fact that an order denying Plaintiff's writ was entered, but not a final judgment. (See Eskue Decl. ¶¶ 3(d), 8.) Mr. Eskue and Mr. Marino should have more fully discussed these issues before Mr. Eskue made the January 8, 2010 representation to the Court so that they could have more thoroughly analyzed whether those proceedings had actually

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | |

concluded.[1]  Instead, they apparently waited until red flags were raised to have that discussion.  (See Eskue Decl. Exs. 3-4 (recent email exchange between Mr. Eskue and Mr. Marino concerning whether a proposed judgment had to be filed).)  The Court expects similar failings not to occur in the future and will impose sanctions as appropriate if they do.  With respect to the pending order to show cause, however, the Court hereby **DISCHARGES** it with respect to Mr. Eskue.

For his part, Mr. Lara simply states that he was relying on Mr. Eskue to provide him accurate status updates on the administrative proceedings.  (See Lara Decl. ¶ 3, 8.)  This is entirely insufficient.  When an attorney files a joint report with the Court, he must make a reasonable inquiry into the accuracy of the statements provided and will be held responsible for misrepresentations.  See, e.g., Fed. R. Civ. P. 11(b).  Mr. Lara failed to articulate **any inquiry** whatsoever that he made into the accuracy of the representations in the joint status report beyond reliance on opposing counsel.  With respect to the sources available to him to verify the information, including his client (a party in the administrative proceedings) and Albert Garcia (Plaintiff's counsel in the administrative proceedings), Mr. Lara provides only conclusory excuses.  He states that he "had no contact" at this time with Mr. Garcia, that Mr. Garcia "would not return [his] calls," and that his client's relationship with Mr. Garcia was "strained."  (See Lara Decl. ¶ 4.)  Obviously, Mr. Lara's failures are highly problematic and the Court expects better from him in the future.  But the Court declines to impose sanctions for this particular shortcoming.  Accordingly, with respect to the pending order to show cause, the Court hereby **DISCHARGES** it with respect to Mr. Lara regarding the January 8, 2010 misrepresentation to the Court.

II.     BRIEFING ON MOTION FOR LEAVE TO AMEND

The Court has inherent power to sanction the attorneys appearing before it.  See B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107-08 (9th Cir. 2002).  Such sanctions are appropriate where the Court finds bad faith or conduct tantamount to bad faith.  Id. at 1108.  For the reasons discussed below, the Court finds the conduct of Mr. Lara rises to this level with respect to the briefing he submitted on the recently filed motion for leave to amend, and that sanctions are appropriate under the Court's inherent power.

After allowing Plaintiff an opportunity to show otherwise, the Court previously held that the California Medical Board ("California Medical Board" or "CMB") is entitled to absolute immunity and dismissed with prejudice the claims against it.  (Docket # 70 ("dismissal order").)  Following that order, Plaintiff filed a motion for leave to file a second amended complaint.  (Docket # 84.)  Although the moving papers lacked clarity on this point, Plaintiff's reply brief submitted by Mr. Lara makes clear that Plaintiff was seeking, inter alia, to assert a RICO cause of action against the CMB.  (Docket # 92 at 2-7.)  The reply brief represents that the Court's dismissal order did not impact any RICO claim against the

---

[1] The Court also notes that Mr. Eskue contends that Mr. Marino failed to respond to several of his telephone calls.  (Eskue Decl. ¶ 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | |

CMB because, inter alia, "at the time of the Court's ruling, plaintiff had not filed any RICO causes of action against . . . the California Medical Board." (Docket # 92 at 2.) As noted in the Court's order to show cause, this representation is absurd in light of the allegations in the RICO section of the First Amended Complaint ("FAC") that were before the Court when it issued its dismissal order. (See Docket # 93 at 2-4 (order to show cause discussing FAC ¶ 56 (the CMB is "liable for the losses to the Plaintiff" under RICO), as well as FAC ¶¶ 38, 40, 46, 47, 54, 55 (alleging various RICO elements against the California Medical Board, like that it was "engaged in 'racketeering activity'").)

In responding to the order to show cause, Mr. Lara provides little to no coherent explanation for this failing.[2] He argues predominately that the Court's dismissal order did not specifically state that the RICO claim against the CMB was being dismissed. (Lara Decl. ¶¶ 13-13.)[3] While arguing that the Court's dismissal order was ambiguous in its scope would not have been sanctionable, that is not the issue before the Court right now. Mr. Lara also made a factually absurd representation that, at the time the Court issued its dismissal order, he had not included in the operative complaint a RICO claim against the CMB. The closest Mr. Lara comes to addressing that point is in stating that "I **omitted**, to my chagrin, the fact that I had already alleged the California Medical Board as a party defendant in the previous FAC." (Lara Decl. ¶ 14 (emphasis added).) To the Court's chagrin, Mr. Lara continues to be less than forthcoming. He did not "omit" the fact that the CMB was previously named as a defendant in the RICO cause of action, but instead made emphatic, affirmative misrepresentations to the Court to the contrary. (Docket # 92 at 1-2 ("**CALIFORNIA MEDICAL BOARD WAS NOT INCLUDED UNDER RICO BEFORE, THEREFORE THE ISSUE AS TO WHETHER IT IS A PROPER PARTY DEFENDANT UNDER RICO[] HAS NOT BEEN DETERMINED**" (bolding, capitalization and underlining in original); see also id. at 2 ("at the time of the Court's ruling, plaintiff had not filed any RICO causes of action against Deputy Attorney General Richard D. Marino, Barbara Johnson, or against the California Medical Board").)

The Court cannot conclude anything other than Mr. Lara knowingly made a false representation to the Court. As noted above, the section of the FAC regarding RICO provides numerous allegations concerning the CMB's purported involvement in the alleged RICO conspiracy and concludes that it is "liable" to Plaintiff under RICO. (See FAC ¶¶ 38, 40, 46, 47, 54, 55, 56.) Mr. Lara is the attorney who signed and submitted the FAC. Mr. Lara also presumably reviewed the FAC in drafting the proposed second amended complaint at issue in the motion for leave to amend. Nonetheless, Mr. Lara submitted

---

[2] The Court's order to show cause indicated that Mr. Lara should explain why he should not be sanctioned under Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent authority. (Docket # 93 at 4.) Mr. Lara's response failed to discuss in any way the requirements for imposing sanctions under any of those premises.

[3] The declaration includes two paragraphs numbered "13," both of which raise this contention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2508 ABC (VBKx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | Mazaheri v. Pederson, et al. | | |

the reply brief with the absurd contention that the RICO claim in the FAC was not against the CMB.[4] His response to the order to show cause makes no attempt to provide facts showing that he was unaware of the falsity of the representation and the only reasonable inference is that Mr. Lara made this frivolous statement knowing it to be false. Such conduct is, at the very least, tantamount to bad faith. See B.K.B., 276 F.3d at 1107-09 (attorney's knowing and reckless introduction of inadmissible evidence was tantamount to bad faith and warranted sanctions under § 1927 and the court's inherent power).

Accordingly, the Court hereby **SANCTIONS** Genaro Lara in the amount of **$300** to be paid **within 10 days** to the Fiscal Department of the Court Clerk's office.[5]

**III. CONCLUSION**

For the reasons discussed above, the Court's order to show cause is hereby **DISCHARGED**, except that Mr. Lara is hereby **SANCTIONED** in the amount of $300 to be paid within 10 days.

_____ : _____

Initials of Preparer    AB

cc:   Pamela Holmes, Supervising Deputy Attorney General
      Fiscal

---

[4] The Court also finds it notable that Plaintiff's opening brief with respect to this motion did not include any statement that the FAC's RICO claim was not brought against the Medical Board. This precluded Defendant's counsel from correcting the misstatement in the opposition.

[5] Mr. Lara preemptively mailed to the Court a check for $1,000, which was sent to chambers. The Court has returned that check to Mr. Lara. Mr. Lara shall pay the $300 as ordered herein to the Fiscal Department of the Clerk's office.